1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

HAUSMANN-ALAIN BANET,

        Defendant.

_____/

No. CR 12-00715 WHA

**ORDER DENYING MOTION
FOR SUMMARY JUDGMENT
AND FOR DISMISSAL OF
THIRD-PARTY PETITION**

**INTRODUCTION**

      In this criminal matter, the government moves for summary judgment and for dismissal of a third-party petition to recover part of defendant's forfeited property. For the reasons stated, the government's motion is **DENIED**.

**STATEMENT**

      At issue is defendant Hausmann-Alain Banet's forfeited property at Unit 403, 1083 Clay Street, San Francisco, California. On October 2, 2012, the government filed an indictment against Banet. On October 12, 2012, the government recorded a *lis pendens* against Unit 403. Banet then agreed to forfeit Unit 403 to the government as part of his plea agreement dated May 21, 2013 for wire fraud and mail fraud charges. On June 13, 2013, a preliminary order of forfeiture was filed, and the government thereafter published notice of the forfeiture to the public. The United States Marshals Service has since listed Unit 403 for an interlocutory sale (Dkt. No. 134).

Meanwhile, third-party Barry Tagawa has filed a petition on behalf of the Law Office of Barry K. Tagawa to modify the forfeiture order and recover $32,926.18 from the net proceeds of Unit 403's sale. The petition is based on Tagawa's abstract of judgment, which was recorded against Unit 403 on March 13, 2013; the abstract of judgment in turn was based on a default judgment dated March 5, 2013, for attorney's fees and expenses that Tagawa incurred while representing Banet in an unrelated civil matter.

The government has filed a motion for summary judgment to dismiss Tagawa's petition. Following full briefing and oral argument, the order now considers that motion.

**ANALYSIS**

The government contends — and Tagawa does not dispute — that Federal Rule of Civil Procedure 56 applies to its motion. Both sides also agree that 21 U.S.C. 853(n)(6)(B) governs whether Tagawa's petition should be granted. In relevant part, Section 853(n)(6)(B) states that a court shall amend an order of forfeiture if a petitioner has established, by a preponderance of the evidence, that he "is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture . . . ." Accordingly, the order assesses the government's motion under Rule 56 and Section 853(n)(6)(B).

The government's main argument is that Tagawa cannot establish an ownership interest in Unit 403 before title vested in the government. For support, the government points to Section 405.20 of the California Code of Civil Procedure, which permitted the government to record a *lis pendens* against Unit 403 on October 12, 2012. The government then highlights Section 405.24, which states, "The rights and interest of the claimant in the property, as ultimately determined in the pending noticed action, *shall relate back to the date of the recording of the notice*" (emphasis added). Under the government's reasoning, title to Unit 403 thus vested in the government as of October 12, 2012, such that when Tagawa recorded his abstract of judgment on March 13, 2013, he did so at a time when Banet no longer owned Unit 403. As a result, the government views Tagawa as an unsecured creditor who cannot be a "bona fide purchaser for value" under Section 853(n)(6)(B). *See United States v. Ribadeneira*, 105 F.3d 833, 836 (2d Cir. 1997).

2

Tagawa responds by challenging the validity of the *lis pendens* itself. Specifically, he argues that the government did not comply with Section 405.22, which required the government to mail a copy of the *lis pendens* to Banet by registered or certified mail, prior to recording and with return receipt requested. Further supporting Tagawa's position is Section 405.23 (emphasis added):

> Any notice of pendency of action shall be *void and invalid* as to any adverse party or owner of record unless the requirements of Section 405.22 are met for that party or owner *and* a proof of service in the form and content specified in Section 1013a has been recorded with the notice of pendency of action.

Because the government did not send or record any proof of service showing that it provided a copy of the *lis pendens* via registered or certified mail, with return receipt requested, Tagawa asserts that the *lis pendens* was void and title to Unit 403 did not vest in the government as of October 12, 2012.

The order agrees with Tagawa. Of particular importance is the fact that Section 405.23 requires proof of service to be recorded with a notice of pendency of action. Such a requirement indicates that third parties, like Tagawa, are entitled to look at the public record to see if such a proof of service requirement has been satisfied. If yes, a third party would then know that a notice of pendency of action is valid insofar as it complies with Section 405.23. If no, a third party may proceed with plans knowing the *lis pendens* is ineffective. Given that the government admittedly did not comply with Section 405.23, the *lis pendens* was void and invalid as a matter of law and title to Unit 403 did not vest in the government on October 12, 2012.

Nonetheless, the government argues that a technical defect in service of notice does not automatically invalidate the *lis pendens*. For support, the government looks to Section 405.30, which outlines a process by which "any party[] or any nonparty with an interest in the real property affected thereby" could expunge a notice of pendency of action. The government also cites *Biddle v. Superior Court*, 170 Cal. App. 3d 135 (1985), in arguing that Banet had waived any right to challenge the *lis pendens* and that substantial compliance with Section 405.23's requirements — via actual notice to Banet about Unit 403's forfeiture — was sufficient.

These arguments are unpersuasive. It is true that Banet had actual notice about Unit 403's forfeiture as of October 12, 2012, but Section 405.23 is clear: a notice of pendency of action is void and invalid *unless* the Section 405.22 requirements *and* the requirement for public recording of proof of service have both been met. The fact that Section 405.30 provides an expungement process does not mean that Banet or a nonparty must also undergo that process to invalidate the *lis pendens*. Indeed, Section 405.30 does not state that expungement is required to void the *lis pendens*, nor does *Biddle* or any of the government's other cited authorities stand for the proposition that expungement is necessary to find the *lis pendens* invalid. Furthermore, *Biddle* does not support the government's proposition that substantial compliance with Section 405.23 is enough, as that decision did not consider any third-party interest in forfeited property. 170 Cal. App. 3d at 136–37.

Accordingly, the government's motion is **DENIED**.

### CONCLUSION

For the reasons stated, the government's motion is **DENIED**. To determine whether Tagawa's petition should be granted under 21 U.S.C. 853(n)(6)(B), a hearing is set for **2 PM ON DECEMBER 10**.

**IT IS SO ORDERED.**

Dated: November 14, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE